IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA



FILED
SEP 26 2007
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

CLIFFORD N. HABECKER, )
)
Plaintiff, )
)
v. ) No. CIV 06-198-RAW-SPS
)
OKLAHOMA DEPARTMENT )
OF CORRECTIONS, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss for failure to exhaust administrative remedies. The court has before it for consideration plaintiff's amended complaint [Docket #20], the defendants' motion [Docket #53], plaintiff's response [Docket #69], the defendants' reply [Docket #71], and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) [Docket #54].

Plaintiff, an inmate in the custody of DOC who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking injunctive relief and monetary damages for alleged constitutional violations occurring during his incarceration. The defendants are the Oklahoma Department of Corrections; Justin Jones, DOC Director; Joann Ryann, DOC Medical Director; Dr. Michael Jackson, Chief Medical Officer; Dennis Cotner, Medical Administrator; Glenn Booher, John Lilley Correctional Center (JLCC) Warden; Dr. Witt Chainakul, JLCC Physician; Phillip Langston, JLCC Health Services Administrator; Alice Turner, JLCC

Warden's Assistant; Haskell Higgins, Howard McLeod Correctional Center (HMCC) Warden; Brandi Burchfield, HMCC Health Services Administrator; Melinda Guilfoyle, DOC Director's Designee; Debbie Morton, DOC Director's Designee; and an Unknown DOC Medical Director.[1, 2]

Plaintiff's alleges his right leg was amputated below the knee, and he has degenerative joint disease in his neck and lower back, sciatic back injury, an undiagnosed left knee injury, and post traumatic stress disorder. He alleges in Count I and Count II that the HMCC defendants are holding his legal materials in the property department without allowing him access, and they are threatening to destroy the materials, which would deny him access to the courts. In Count III he claims the JLCC defendants unlawfully transferred him from JLCC, a handicapped-accessible facility, to HMCC, a work camp that is not handicapped-accessible. Plaintiff claims in Count IV that JLCC Defendant Alice Turner denied him Catholic publications which were authorized by the facility chaplain. In Count V plaintiff alleges the JLCC defendants and the HMCC defendants unnecessarily shackled his legs for medical transportation, causing damage and pain to his residual limb. He asserts in Count VI that HMCC defendants threatened him with a misconduct if he did not work on the facilities yard

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] Defendants Guilfoyle, Morton, and the Unknown DOC Medical Director have not been served.

2

crew, even though he had medical restrictions. Count VII is a claim that the DOC and the HMCC defendants conspired and retaliated against him for his litigation by issuing him four misconducts since June 20, 2006, and placing him in the segregated housing unit.

The defendants have filed a motion to dismiss, alleging plaintiff has failed to exhaust his administrative remedies for any of these claims, as required by 42 U.S.C. § 1997e. The defendants assert that the DOC's grievance procedures for all claims not involving misconducts require the prisoner to properly and timely file the following for each claim: (1) a Request to Staff, (2) a grievance to the facility head, and (3) an appeal of the facility head's response to the administrative review authority (or to the chief medical officer for medical grievances). The available administrative remedies are not exhausted until an inmate properly and timely files a grievance appeal to the administrative review authority or chief medical officer, and the inmate receives a response from that official. *See* Docket #53, Exhibit 1.

In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, ___U.S.___, 127 S.Ct. 910, 166 (2007). According to the special report, the records of DOC's Administrative Review Unit indicate plaintiff failed to file any proper grievance appeals while he was incarcerated at JLCC. *See* Docket #54, Report I, Attachment 11. In addition, the records of DOC's Medical Services Division show he did not file any proper medical grievance appeals during the time he was at JLCC. *See* Docket #54, Report I, Attachment 13. Therefore, none of his claims related to JLCC were exhausted. With respect to plaintiff's claims arising during his incarceration at HMCC, the special report shows the

3

grievances plaintiff submitted at that facility either were improper, or the requested relief was granted. *See* Docket #54, Report II at 1-3. He did not complete the grievance process for any HMCC claim. *Id.*

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the Prison Litigation Reform Act] for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

In his response to the motion to dismiss, plaintiff makes a vague and unsupported claim that he has exhausted his administrative remedies for "many" of his claims, and that the defendants have interfered with the grievance process, preventing exhaustion of the other claims. *See* Docket #69 at 2. Instead of responding to the defendant's allegations, he claims he was not given adequate assistance with his grievances. He also contends the defendants' unspecified threats of retaliation are a form of misconduct that excuses exhaustion.

Plaintiff is correct in his assertion that he does not have to specially plead or demonstrate exhaustion in his complaint, and he can proceed on his exhausted claims. *Jones*, 127 S.Ct. at 921, 923-25. Plaintiff, however, has failed to make any colorable argument that he has exhausted his administrative remedies for any claim, and he has cited no authority or facts, other than his own conclusory allegations, to demonstrate he was denied access to those administrative procedures. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (conclusory allegations insufficient to state a cause of action); *Durre v. Dempsey*, 869 F.2d

4

543, 547 (10th Cir. 1989) ("Plaintiff's conclusory allegation that his status as an indigent prisoner makes the state post-deprivation remedy inadequate failed to state a claim for relief under § 1983.").

**ACCORDINGLY,** the defendant's motion to dismiss for failure to exhaust administrative remedies [Docket #53] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 26th day of September 2007.

*/s/ Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**